IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND THOMAS PARKER,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-CV-2262-D-BW |
| SCOTT BESSENT,<br>    Defendant. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

# **ORDER**

Before the Court is Plaintiff Raymond Thomas Parker's Motion for the Appointment of Counsel, received on August 22, 2025. (Dkt. No. 5.) Based on the relevant filings and applicable law, the Court **DENIES** the motion.

Parker filed this employment-related action against Scott Bessent, Secretary of the Treasury. (*See* Dkt. No. 3.) He appears to assert employment-based claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII") and based on alleged disabilities and a workplace injury. (*See id.* at 2, 11.) Parker's application to proceed in forma pauperis and judicial screening of the case are pending; the defendant has not been served or appeared in the case. Parker moves for the appointment of counsel to represent him in this action. (*See* Dkt. No. 5.)

A pro se plaintiff is not automatically entitled to representation of counsel in an employment discrimination case. *See, e.g.*, *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990); *Epley v. Gonzalez*, No. 5:18-CV-142-BQ, 2022 WL 20656583 (N.D.

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening.

Tex. Nov. 2, 2022). Rather, the appointment of counsel is warranted only "in such circumstances as the court may deem just." 42 U.S.C.A. § 2000e-5(f)(1). "[T]he decision whether to appoint counsel rests within the sound discretion of the trial court." *Gonzalez*, 907 F.2d at 579.

In determining whether to appoint counsel in employment cases, the Court considers: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Id.* at 580. Although courts must be sensitive and innovative in confronting problems faced by pro se litigants in employment cases, they must consider that the plaintiff bears the burden of persuasion and that appointed counsel will serve without compensation unless the suit is successful and attorney's fees are awarded. *See Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 593 (E.D. Tex. 1995) (citing 42 U.S.C. § 2000e-5(k)). "In general, then, the circumstances under which [an employment discrimination] litigant is entitled to an appointed counsel are limited." *Id*.

1. **Financial Ability to Retain Counsel**

To satisfy this factor, Parker is not required to meet the heavier burden necessary to proceed in this action in forma pauperis. *See id.* at 593-94. Instead, he need only show that he has insufficient assets to afford an attorney to investigate and file his claim. *See id.* at 593. Based on the various assets reported in his pending in forma pauperis application, this factor appears to weigh against the appointment of counsel. (*See* Dkt. No. 4 at 3, 9-10, 16.)

### 2. Efforts to Retain Counsel

To satisfy the second factor, Parker must show he has been "'reasonably diligent'" in his efforts to retain counsel. *Id.* at 594. "A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement." *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999). In his motion, Parker states that he has talked to five attorneys, one of whom was requiring $25,000 upfront for representation. (*See* Dkt No. 5.) He does not state when or whether he explored the merits of the case or the possibility of contingent-fee arrangements with them, and he does not specify why the attorneys he talked to have been unable to represent him, aside from the one who requested an upfront fee. Accordingly, the Court finds that this factor weighs against the appointment of counsel.

### 3. Merits of the Claims

The last factor is the most difficult to apply at this preliminary stage of the proceedings. The Court's examination of the merits of Parker's potential claims prior to receiving an answer from the defendant is "akin to a frivolousness review" under 28 U.S.C. § 1915(e). *See Lee*, 882 F. Supp. at 594. A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," and it lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

Attached to his letter complaint, Parker includes an Authorization Letter from the National EEO Investigative Services Office, dated March 2, 2022, and an EEO Investigative Affidavit for Compensatory Damages, with related certifications and authorizations, that Parker signed on March 21, 2022. (*See* Dkt. No. 3 at 3-9.) Parker does not provide any other information regarding any internal employment claim he filed, his agency's final determination of same, and the final determination, if any, of the Equal Employment Opportunity Commission from which the Court may gauge the potential merit of this action. *See Gonzalez*, 907 F.2d at 580 (holding that an agency determination is "highly probative" in deciding whether to appoint counsel in a subsequent lawsuit). This factor therefore weighs against the appointment of counsel.

Considering all three factors, the Court finds that Parker has not met his burden of establishing a basis for appointing counsel at this time.

Additionally, Parker has not shown that appointment of counsel is warranted under the general standard for such appointment in civil rights cases, where the court's decision is based "on many factors, including the type and complexity of the case; the petitioner's ability adequately to present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by 'shortening the trial and assisting in a just determination.'" *Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213

(5th Cir. 1982)).  Specifically, the issues implicated in Parker's letter complaint and attachments appear to be fairly straightforward and not complex, and his filings indicate that he is literate and articulate, with an adequate grasp of the issues and relevant facts involved in his case.  It is unclear at this stage of the proceedings whether the evidence in the case will consist of conflicting testimony requiring particular skill in its presentation or cross-examination, and the filings to date do not indicate any basis to believe that appointment of counsel will shorten trial or assist in a just determination.

Accordingly, the Court **DENIES** Parker's Motion for the Appointment of Counsel, received on August 22, 2025 (Dkt. No. 5).

If this case proceeds to trial, the Court may reconsider on its own motion whether the appointment of counsel is warranted.

**SO ORDERED** on September 25, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

5