IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND THOMAS PARKER,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-2262-D-BW |
| SCOTT BESSENT,<br>　　　　Defendant. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received from Raymond Thomas Parker on August 22, 2025. (Dkt. No. 4.) Based on the relevant filings and applicable law, the Court should **DENY** the application and dismiss this case without prejudice unless Parker pays the $405 filing fee by November 24, 2025, or by some other deadline established by the Court.

**I. LEGAL STANDARDS AND ANALYSIS**

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when he submits an affidavit establishing his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). To determine whether the payment of fees would cause undue financial hardship, the Court must examine the applicant's financial condition. *See*

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening.

*id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* In addition to requiring an applicant to complete a financial affidavit in support of his request to proceed IFP, the Court may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022).

Here, Parker's IFP application indicates that his average monthly income during the 12 months from when he filed the application was $5,208.86 per month,[2] and his expected income for the month following the filing of his application was $3,467.36.[3] (*See* Dkt. No. 4 at 1-2.) He reports one dependent, $500 in cash, $569.38 in bank accounts, and various assets totaling over $1,000,000 in value. (*See id.* at 2-3, 6, 9-10, 16.) He also reports that he is owed "millions" by the United States Department of the Treasury and "around $125,000" by "Landmark." (*Id.* at 3.)

He reports monthly expenses of $4,516 for rent or a mortgage, $400 for utilities, $600 for home maintenance, $1,000 for food, $150 for clothing, laundry, and dry-cleaning, $1,050 for transportation, $87.50 for taxes, and installment payments totaling $3,659.41. (*See id.* at 4.) He also lists monthly insurance

---

[2] This monthly income total includes a reported -$2,500 for self-employment. (*See* Dkt. No. 4 at 1.)

[3] This monthly income total includes a reported -$500 for self-employment. (*See* Dkt. No. 4 at 1.)

expenses—homeowner's, life, health, and motor vehicle—totaling over $500,000. (*See id.*)

Based on the information provided, the Court should find that Parker has failed to show that payment of the $405 filing fee would cause him undue financial hardship. For the 12 months preceding the filing of his IFP application, Parker's self-reported monthly household income was $5,208.86, which nets a yearly household income of $62,506.32; his projected household income for the month following his IFP application was 3,467.36, which would net a yearly household income of $41,608.32. (*See id.* at 1-2.) Both of these household income amounts are well above the federal poverty guideline for a household of two. *See* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2961 (Jan. 17, 2024).

Additionally, although Parker's listed monthly expenses exceed his reported income, many of those reported monthly expenses appear, without explanation, to be discretionary or excessive. (*See id.* at 4 (listing monthly expenses of $600 for home maintenance, $1,000 for food, $1,050 for transportation, and over $500,000 for insurance); *see, e.g.*, *Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"). Moreover, "[c]ourts have denied IFP applications even where the plaintiffs' expenses exceed their income because the plaintiffs had other assets." *Lansford v. Laredo College*, No. 5:23-CV-00045, 2023 WL 4669685, at *2 (S.D. Tex. June 28, 2023), *rec. adopted*, 2023 WL 4670303 (S.D. Tex. Jul. 20, 2023). As discussed, Parker reports

3

various assets totaling over $1,000,000 in value.  (*See id.* at 2-3, 6, 9-10, 16.)

Accordingly, the Court should deny Parker's IFP application.

## II.  RECOMMENDATION

The Court should **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), received on August 22, 2025 (Dkt. No. 4), and dismiss this case without prejudice unless Parker pays the $405.00 filing and administrative fees by November 24, 2025, or by some other deadline established by the Court.

**SO RECOMMENDED** on October 24, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).