IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND THOMAS PARKER,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:25-CV-2262-D-BW |
| SCOTT BESSENT,<br>  Defendant. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

## ORDER TO SERVE DEFENDANT

Plaintiff Raymond Thomas Parker, proceeding pro se, initiated this action on August 22, 2025, by filing a complaint against Defendant Scott Bessent. (Dkt. No. 3.) He also moved for leave to proceed in forma pauperis ("IFP"). (Dkt. No. 4.) Senior United States District Judge Sidney A. Fitzwater referred the lawsuit to the undersigned magistrate judge for screening under 28 U.S.C. § 636(b) and Special Order 3-251. (Dkt. No. 1.)

Because he sought IFP status, Parker's complaint became subject to judicial screening under 28 U.S.C. § 1915(e). (*See* Dkt. No. 10.) Upon review of his application to proceed IFP, however, the undersigned determined that his disclosed assets and liabilities failed to show that payment of the filing fee would cause him undue financial hardship and recommended denial of his application. (Dkt. No. 11.) Judge Fitzwater adopted the recommendation and required Parker to pay the

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening.

$405.00 filing and administrative fees no later than December 19, 2025. (Dkt. No. 12.) Parker has now paid the filings fees.

Upon paying the filing fee, Plaintiff becomes responsible for bringing Defendant into this action by either (1) properly serving Defendant with a summons and the complaint as required by Federal Rule of Civil Procedure 4, or (2) obtaining a waiver of service from the Defendant as prescribed by that same rule. *See* Fed. R. Civ. P. 4(i) (setting forth procedure for serving the United States or its officers); Fed. R. Civ. P. 4(d) (regarding waiver of service). With respect to the first of these options, the Court specifically notes that Plaintiff cannot serve the defendant himself but must instead arrange to have Defendant served by a process server or other qualified individual. *See* Fed. R. Civ. P. 4(c)(1) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added)). Additionally, Plaintiff must file with the Court either a proof of service in accordance with Rule 4(*l*) or an executed waiver of service, whichever is applicable.

The Court further advises Plaintiff that proper service must be made and shown to the Court through a filed proof of service or waiver of executed waiver of service no later than **March 16, 2026**, which is the first weekday following the 90th day after he paid the filing fee. *See Leeper v. Carte Blanche*, No. 3:23-CV-1091-E-BN, 2024 WL 1218550, at *2 (N.D. Tex. Mar. 20, 2024) (noting payment of the filing fee ends the Court's mandated screening and begins the 90-day period in Rule 4(m) in which to serve the defendant).

If Plaintiff fails to show either proof of valid service on Defendant or a valid waiver of service by Defendant by the deadline established by Rule 4(m), this case is subject to dismissal without prejudice unless Plaintiff shows both (1) good cause for the failure and (2) good cause for the Court to extend the time for service for an appropriate specified period. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Based on Plaintiff's payment of the filing fee, screening under the Court's standing order of reference is now complete, this action is **RETURNED** to Judge Fitzwater, and the screening referral to the undersigned is **TERMINATED**.

**SO ORDERED** on December 17, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE